THE VILLAGE OF BROOKFIELD, Appellant, *vs.* FRED PABST *et al.* Appellees.

*Opinion filed June 18, 1908—Rehearing denied October 8, 1908.*

1. STATUTES—*legislature has power to pass act relating to cities only.* By conferring, by section 8 of the City and Village act of 1872, upon villages the same powers conferred by that act upon cities not exceeding 5000 inhabitants, the legislature does not deprive itself of the power to subsequently pass an act that should apply to cities only.

2. SPECIAL ASSESSMENTS—*act of 1899, relating to out-let sewers, etc., does not apply to villages.* The act of 1899, (Laws of 1899, p. 96,) to authorize cities of 100,000 population and under to construct out-let sewers, reservoirs, pumping works and machinery by special assessment, is a complete and independent act, and not an amendment of the City and Village act, and is applicable to cities only, and not to villages.

APPEAL from the County Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding.

BYRON C. THORPE, PETER L. EVANS, and LYMAN, LYMAN & O'CONNOR, for appellant.

JOSEPH H. FITCH, WILLIS MELVILLE, WILLIAM J. DONLIN, COBURN & CASE, and TAYLOR & MARTIN, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court sustaining objections to the confirmation of an assessment roll in a proceeding by the village of Brookfield for the con-

struction of an out-let sewer, septic tank and appurtenances by special assessment of the property benefited. The proceeding was not conducted under the Local Improvement act but was under the provisions of an act passed in 1899, entitled "An act to authorize cities of 100,000 population and under to construct out-let sewers, reservoirs, pumping works and machinery, and maintain and keep in repair the same, the cost thereof to be defrayed by special assessment or special taxation, and if the assessment is paid in installments, to issue bonds to anticipate the deferred installments." A great many objections were filed by property owners to the confirmation of the assessment roll, and the court entered an order requiring the objectors to specify the particular objections upon which they relied. In obedience to the rule the objectors specified three objections, only one of which it will be necessary to refer to in the decision of the case. The third objection was, "that the act of 1899, under which this proceeding is instituted, applies only to cities having 100,000 population or under, and does not apply to villages, and that therefore the provisions of the act of 1899 cannot be availed of by the petitioner, the village of Brookfield." The court sustained this objection, rendered judgment dismissing the petition, and from that judgment the village of Brookfield has prosecuted this appeal.

It is the contention of appellant that the act of 1899, under which this proceeding was instituted and conducted, is not an independent act but is an amendment to the City and Village act of 1872, and may be availed of by villages organized under that act. It will be observed that by its title the act purports to apply to cities of 100,000 population and under, and villages are not referred to. Appellant insists that by section 8 of article 2 of the City and Village act the same powers were conferred upon villages as were by that act conferred upon cities not exceeding 5000 inhabitants, and that the act of 1899 must be read into the City and Village act of 1872 as a part thereof and held to con-

fer upon villages the same authority that is by said act of 1899 conferred upon cities. As we understand the act of 1899 it is an independent act, and not amendatory of the City and Village act. It provides a complete method of procedure for municipalities to which it applies and for the purposes for which it was intended, not dependent upon any other act, and is essentially and materially different from the method of procedure under the Local Improvement act. The fact that it does not purport to be an amendment to the City and Village act, or that it does not refer to villages, would not, of itself, be conclusive that it was not intended to become a part of that act. But the fact that the entire proceeding provided for is independent of and not supplementary to the provisions of any other act seems conclusive that it was not intended to apply to any other municipalities than those designated in the act. By conferring, by the act of 1872, upon villages the same powers conferred by that act upon cities not exceeding 5000 inhabitants, the legislature was not deprived of the power of afterwards passing an act that should apply exclusively to cities.

We have examined the authorities cited by counsel for both parties and do not find them very helpful in the decision of this case. It must be determined from an inspection of the act of 1899 and a consideration of the objects and purposes of its enactment as disclosed by its various provisions. In our opinion to construe it as amendatory to and a part of the City and Village act would be unwarranted, as not only the title, but the act itself, limits its application to cities and does not embrace villages.

The judgment of the county court is therefore affirmed.

*Judgment affirmed.*